**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| WILLIAM HEATH FRENCH, | * | |
| ADC #652854, | * | |
| | * | |
| Petitioner, | * | |
| v. | * | No. 4:22-cv-00531-JJV |
| | * | |
| DEXTER PAYNE, Director, | * | |
| Arkansas Division of Correction, | * | |
| | * | |
| Respondent. | * | |

**MEMORANDUM AND ORDER**

**I.      INTRODUCTION AND FACTUAL BACKGROUND**

Petitioner William Heath French, an inmate at the East Arkansas Regional Unit of the Arkansas Division of Correction, brings this 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus *pro se*. (Doc. No. 2.)  Mr. French was convicted by a jury in the Circuit Court of Sebastian County, Arkansas, of one count of possession of methamphetamine with purpose to deliver and two counts of possession of drug paraphernalia.  *See State of Arkansas v. William Heath French*, 66FCR-17-733, http://caseinfo.arcourts.gov (sentencing order entered Nov. 20, 2017).  He was sentenced as a habitual offender with four or more prior felonies to sixty years' imprisonment on the drug possession charge, forty years' imprisonment on one paraphernalia charge, and fifteen years' imprisonment on the other paraphernalia charge.  *Id*.  Additionally, his drug possession charge was enhanced by ten years pursuant to Arkansas Code Annotated § 5-64-411, in accordance with the jury's finding that he had possessed the methamphetamine within 1,000 feet of a church.  *Id*.  The sentences were ordered to run consecutively for a total term of imprisonment of 125 years.  *Id*.

Mr. French raised one argument on direct appeal:  the trial court erred in denying his motion to dismiss the § 5-64-411 enhancement charge because there was no proof of a mental state to sustain the conviction.   *French v. State of Arkansas*, 2018 Ark. App. 502, at 3, 563 S.W.3d 582, 583.   The Arkansas Court of Appeals agreed, noting its holding in *Small v. State*, 2018 Ark. App. 80, 543 S.W.3d 516, which was handed down after the jury trial in Mr. French's case and which stands for the proposition that § 5-64-411 requires a culpable mental state.   *Id*. at 3-4, 563 S.W.3d at 583-84.   The appellate court reversed and remanded, holding "the circuit court erred in concluding that section 5-64-411 does not require a culpable mental state and improperly instructed the jury."   *Id*. at 4, 563 S.W.3d at 584.   The mandate issued on March 28, 2019.   (Doc. No. 9-1 at 2.)   On remand, the State dismissed the § 5-64-411 enhancement charge, and an amended sentencing order entered June 21, 2019, reflected a total term of imprisonment of 115 years.   (*Id*. at 46-49, 113-14.)

After the appellate court reversed and remanded, but before the amended sentencing order was entered, Mr. French filed a *pro se* petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37.   (*Id*. at 13-24.)   The trial court found it to be premature given the remand.   (*Id*. at 41.)   On July 30, 2019, following entry of the amended sentencing order, Mr. French filed an amended Rule 37 petition.   (*Id*. at 61-73.)   He alleged his trial counsel had been ineffective for failing to communicate a plea offer, failing to object to the testimony of a witness who had not been previously disclosed, and failing to object to the imposition of consecutive sentences.   (*Id*. at 68-72.)   The trial court denied relief after a hearing.   (*Id*. at 80-82, 114-148.) The trial court also denied Mr. French's motion for reconsideration, and Mr. French filed a *pro se* notice of appeal on September 3, 2019.   (*Id*. at 84-92.)

After lodging the record in the Arkansas Court of Appeals, Mr. French sought a briefing

2

extension and then, after missing the deadline, he filed a motion for permission to file a belated

brief.  *See William Heath French v. State of Arkansas*, CR-19-830, http://caseinfo.arcourts.gov.

The appellate court denied that motion on March 4, 2020.  *Id*.  Eleven months later, the State

moved to dismiss the appeal.  *Id*.  The appellate court granted the motion to dismiss on February

24, 2021.  *Id*.

Mr. French filed the pending Petition for Writ of Habeas Corpus on June 6, 2022.  (Doc.

No. 2.)  He raises five claims:

> (1) his trial counsel was ineffective for failing to communicate a plea offer;
>
> (2) his trial counsel was ineffective for failing to
>> (a) file a motion in limine regarding untested controlled substances,
>> (b) object to references at trial to untested controlled substances,
>> (c) object to the testimony of a witness who had not been previously disclosed,
>> (d) object to a jury instruction regarding consecutive sentences, and
>> (e) object to the imposition of consecutive sentences;
>
> (3) the prosecution violated his right to effective cross-examination of a witness who had not been previously disclosed;
>
> (4) the trial court should have granted him a new trial on all charges after the appellate court's remand; and
>
> (5) the prosecutor misrepresented to the court that the previously undisclosed witness had only testified at sentencing.

(*Id*. at 5-18.)  Respondent Dexter Payne, Director of the Arkansas Division of Correction,

contends Mr. French's Petition is barred by the statute of limitations and his claims are

procedurally defaulted.  (Doc. No. 9 at 3-7.)  After careful consideration of the Petition,

Response, and Reply (Doc. No. 10), I find the Petition must be dismissed with prejudice.

## II.   ANALYSIS

### A.   Time Bar

Mr. French's Petition is untimely based on the one-year period of limitation imposed by

the Antiterrorism and Effective Death Penalty Act ("AEDPA").   Title 28 U.S.C. § 2244(d)(1) and

(2) set forth a one-year period of limitation for habeas corpus petitions:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.   The limitation period shall run from the latest of --
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

In this case, the limitation period began to run on the date the judgment became final, pursuant to § 2244(d)(1)(A).   Because Mr. French did not appeal from the amended sentencing order entered June 21, 2019, the judgment became final, and the limitation period commenced, thirty days later on July 22, 2019.   *See* Ark. R. App. Proc.-Crim. 2(a)(1) (notice of appeal must be filed within thirty days from date of entry of judgment).   Pursuant to § 2244(d)(2), the limitation period was tolled only eight days later, on July 30, 2019, when Mr. French filed his Rule 37 petition.   It remained tolled until – at the latest – February 24, 2021, when the Arkansas Court of Appeals dismissed Mr. French's appeal of the denial of his Rule 37 petition.   The limitation period then ran until he filed his Petition for Writ of Habeas Corpus approximately fifteen months

later on June 6, 2022.   Accordingly, even excluding the time when the Rule 37 matter was pending, Mr. French's Petition was filed outside the one-year period of limitation.

Mr. French offers several excuses for the untimely filing of his Petition, but all are unavailing.   He submits that, due to "government interference," either § 2244(d)(1)(B) or equitable tolling[1] applies.   (Doc. No. 10 at 11-12.)   In support of this assertion, he offers reasons for the untimeliness of his Rule 37 appeal brief:   the appellate court refused to file his motion for extension of time, and the prison delayed in mailing it, and he lacked access to the law library and "free-world attorneys" due to the ADC's COVID-19 quarantine.   (*Id*. at 11-14, Doc. No. 2 at 21.) These varied reasons notwithstanding, the relevant date for statute of limitations purposes is when his Petition for Writ of Habeas Corpus was filed in this Court – not when his Rule 37 appeal brief was filed in the Arkansas Court of Appeals.   Mr. French also cites the mailbox rule, which provides that "[a] paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing."   Rules Governing Section 2254 Cases in the United States District Courts, Rule 3(d).   But Mr. French's Petition was deposited in the prison mailing system on May 28, 2022, which was also outside the limitation period.   (Doc. Nos. 2 at 23, 10 at 11.)

Because Mr. French's Petition was filed outside the applicable statute of limitations, his claims for relief are barred.

### B.   Procedural Default

Even if Mr. French's Petition had been timely filed, his claims would nonetheless be barred under the doctrine of procedural default.   Before filing a federal habeas petition, a state inmate

---

[1] Equitable tolling is only appropriate when a petitioner shows (1) he has been pursuing his rights diligently and (2) some extraordinary circumstance stood in the way of his filing.   *Holland v. Florida*, 560 U.S. 631, 649 (2010).

must first "fairly present" the substance of his or her federal habeas claims to the appropriate state courts and exhaust all available state remedies. *Murphy v. King*, 652 F.3d 845, 848-49 (8th Cir. 2011) (citing *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus . . . shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State")). The fair-presentment requirement exists so that the respective state has the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Murphy*, 652 F.3d at 849 (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)); *see also Picard v. Connor,* 404 U.S. 270, 275 (1971) (quoting *Darr v. Burford*, 339 U.S. 200, 204 (1950)) ("We have consistently adhered to this federal policy, for 'it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.'"); *Lenza v. Wyrick*, 665 F.2d 804, 807-08 (8th Cir. 1981). In order to fairly present a federal claim to the state courts, the petitioner must have referred to "'a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue' in a claim before the state courts." *Murphy*, 652 F.3d at 849. In order to exhaust, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Mr. French failed to present claims 4 and 5 in state court. Claims 1, 2, and 3 were presented in Mr. French's Rule 37 petition; however, he failed to exhaust his remedies with respect to those claims when he failed to pursue them on appeal.[2] Accordingly, all claims are defaulted.

---

[2] Claims 2(a) and 2(b), addressing the untested controlled substances, were raised in Mr. French's original Rule 37 petition but abandoned in his amended petition. (Doc. No. 9-1 at 18-20, 68-72.)

When a state prisoner has defaulted his or her federal claims in state court, federal habeas review of the claims is barred unless the prisoner can demonstrate:   (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law"; or (2) "that failure to consider the claims will result in a fundamental miscarriage of justice," that is, a constitutional violation has resulted in the conviction and continued incarceration of one who is actually innocent. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  Mr. French does not allege he is actually innocent, nor could he cross the very high threshold of an actual-innocence gateway claim, which requires that a petitioner establish (1) new and reliable evidence that was not presented at trial, and (2) in light of the new evidence, it is more likely than not that no reasonable juror would have convicted him.   *Weeks v. Bowersox*, 119 F.3d 1342, 1351 (8th Cir. 1997).   The cause-and-prejudice exception requires a showing of "some objective factor external to the defense" that impeded development of the claim in state court.   *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Mr. French suggests the ADC's COVID-19 quarantine was such an impediment, as it kept him from the law library and left him unable to file his appellate brief.   However, court records show Mr. French's brief on appeal was due in December 2019, well before any quarantine policies would have been in effect.   *See French v. State*, CR-19-830, http://caseinfo.arcourts.gov.

Finally, the *Martinez* exception for substantial claims of ineffective assistance of trial counsel, which allows federal habeas review where there was no counsel or ineffective counsel in the initial-review collateral proceeding, does not excuse the default of Mr. French's ineffective-assistance claims.   *Martinez v. Ryan*, 566 U.S. 1 (2012).   "*Martinez* expressly does not excuse a procedural default that occurs in the appeal of a collateral state court proceeding."   *Franklin v. Hawley*, 879 F.3d 307, 309 (8th Cir. 2018).

## III.    CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."   A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2). I find no issue on which Mr. French has made a substantial showing of the denial of a constitutional right.   Accordingly, no certificate of appealability will issue.

## IV.   CONCLUSION

IT IS, THEREFORE, ORDERED that:

1.     Mr. French's § 2254 Petition for Writ of Habeas Corpus (Doc. No. 2) is DISMISSED with prejudice.

2.     A certificate of appealability will not be issued.

SO ORDERED this 25th day of October 2022.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE